Oakley, Ch. J.
This was an action for libel, tried before me; there, was a verdict for the plaintiff for a small sum; and on the coming in of the verdict, I gave the usual directions to the clerk, and the usual entry of judgment was made. There was no order that the cause he reserved for argument or further consideration.
The attorney for the defendant obtained from a justice of the court of chambers, without notice, an order extending the time to make a case thirty days, and staying plaintiff’s proceedings in the mean time. The plaintiff, notwithstanding this order, entered up and perfected his judgment. The defendant made and served a case, and the plaintiff served amendments thereto. When the parties attended, before me to settle the case, some circumstances that then transpired induced me to direct notice of a motion for leave to settle the case, so that the question might be regularly argued. The motion was made, and it involves in the first place, the question whether any right was reserved to the defendant at the trial to make a case. The right was not reserved in terms, and I am not prepared to say any was reserved, but it is our practice where, in the course of a trial any exception is made, to regard that exception as an implied declaration of an intention to make a case. Wherever such an exception is taken in any case tried before me, I always consider the right to make a case reserved. Such exception was taken here, and the defendant, therefore, had a right to make a case.
Then has this case been made in pursuance of the rules of practice. The supreme court rules which apply also to this court, require the case to be made within ten days of the trial. Herd the case was not made within ten days, but within the enlarged time granted by the order of the judge. The question *705 is raised, whether the justice had a right to make that order. There was no foundation for questioning the right of the judge to make an order in the cause, although he could not stay the plaintiff’s proceedings for more than twenty days. He had power to enlarge the time to make a case, and the order to stay the plaintiff’s proceedings for thirty days was undoubtedly improvidently granted, and we so consider it. (Code, § 401.) An order enlarging the time to make a case, does not operate as a stay of proceedings, and the defendant therefore had a right to enter and perfect his judgment.
The order extending the time was regular, the defendant’s attorney has acted in accordance with the practice, and we think, therefore, the defendant has a right to have his case settled, and so decide.